

FILED

06/30/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0288

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 21-0288

DANIEL DWAYNE BRIAN,

Petitioner,

v.

MARK JOHNSON,
Butte Silver Bow County Detention Center,

Respondent.

ORDER

FILED

JUN 29 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Representing himself, Daniel Dwayne Brian has filed a petition for a writ of habeas corpus, indicating that he is held in jail and that his bail is excessive. He states that he was arrested for six crimes on May 21, 2021, and that his bail was set at $250,000 at his first appearance. Brian further states that his crimes should be considered misdemeanors, not felonies, and should be charged separately. He believes that the crimes are non-violent in nature "with no mention of any specific victims[.]" Brian requests that his bail be adjusted accordingly to a more reasonable and affordable amount.

Section 46-22-103, MCA, provides:

> When a person is imprisoned or detained in custody on any criminal charge for want of bail, the person is entitled to a writ of habeas corpus for the purpose of giving bail upon averring that fact in the person's petition, without alleging that the person is illegally confined.

We contacted the District Court, and there is no criminal proceeding there yet. The Silver Bow County Justice Court sent this Court a copy of the register of actions where Brian was charged with six offenses, as he mentions in his petition: (1) burglary; (2) theft, unauthorized control over property exceeding $1,500; (3) deceptive practices over $5,000; (4) theft of property exceeding $5,000 or common scheme; (5) criminal mischief pecuniary

loss more than $1,500; and (6) obstructing a peace officer or other public servant, all committed on May 19, 2021. We observe that the Justice Court case originally had John Doe as the offender because Brian did not give his name.

Brian's cause of incarceration is due to six criminal charges. Section 46-22-101(1), MCA. It is evident that Brian has been charged with bailable offenses. Brian's challenge, however, to "want of bail" does not apply here because bail has been set. Section 46-22-103, MCA. We point out that the District Court would be the better place to have a hearing for bail modification. Upon transfer to District Court, Brian will have appointed counsel who may argue for a bail reduction and challenge the charges in that court. Accordingly,

IT IS ORDERED that Brian's Petition for Writ of Habeas Corpus is DENIED.

The Clerk is directed to provide a copy of this Order to counsel of record and to Daniel Dwayne Brian personally.

DATED this 29 day of June, 2021.

_____

_____

_____

_____

_____
Justices

2